UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TONYA MITCHELL | ) | |
|            Debtor(s) | ) | CASE NO. 07-30431(1) |
| | ) | |
| ZACHERY STEVENS, et al. | ) | AP NO.: 07-3156 |
|            Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TONYA MITCHELL | ) | |
|            Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Plaintiffs Zachery Stevens, Bryan Gillespie, Cris Ponder, Joe Dowers, Curtis Marsh, Nathan Hockgeiger, Russell Pugh, Devin Haney, John Nichols, Jr., Travis Piper, Jodie Cockeril, Jarrod Kearby, Matt Murray, Jeffrey Rhoads and Sean Rosser ("Plaintiffs") against Defendant/Debtor Tonya Mitchell ("Debtor"). The Court considered the written submissions of the parties and its own research. For the following reasons, the Court will **GRANT** Plaintiffs' Motion. A Judgment accompanies this Memorandum-Opinion.

## UNDISPUTED MATERIAL FACTS AND PROCEDURAL BACKGROUND

The Plaintiffs are award winners of a car contest sponsored by Cruize Magazine ("Magazine") that occurred during Derby week of 2004. Each of the contestants paid an entry fee of $35.00 in an effort to win cash prizes totaling $50,000. On the final day of the contest, awards were announced and Debtor gave each of the Plaintiffs a void check. Debtor represented to each

Plaintiff that if they submitted proof of ownership along with a picture of the vehicle, they would receive a cash prize. Each Plaintiff complied, but none of the Plaintiffs received their award money.

The Debtor is the daughter of Helen Mitchell, the incorporator of Cruize Magazine. The evidence established that the Debtor, while not a paid employee of Cruize or Helen Mitchell, was in charge of the financial operations of the Magazine. She was the authorized signatory on the Magazine's bank account. The record shows that Debtor signed checks on behalf of the Magazine and that she made numerous withdrawals on the account.

The bank records also established that Debtor was intimately involved in the financial operations of the Magazine. In fact, the records show that most of the money, nearly $7,500, in the bank account was withdrawn and went directly to Debtor. Debtor signed and issued each of the void checks to the Plaintiffs with full knowledge that there were insufficient funds to cover the checks.

Each of the Plaintiffs individually instituted actions against Cruize Magazine, Helen Mitchell and the Debtor in Jefferson County District Court, State of Kentucky. The Magazine was no longer operating and insolvent at the time of the contest. Helen Mitchell converted her Chapter 13 case to a no asset Chapter 7 case.

On February 9, 2007, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

The state court cases were consolidated by District Court Judge Sheila Collins. Debtor and the Plaintiffs were each represented by counsel.

On November 22, 2006, Judge Collins entered Summary Judgment in the Plaintiffs' favor on their claims of fraud, concealment and misrepresentation against Debtor. Judge Collins issued individual monetary awards to each Plaintiff ranging from $500 to $3,000 in compensatory damages.

The District Court also found by clear and convincing evidence that Debtor acted with malice and reckless disregard to the interests of each Plaintiff and awarded each Plaintiff $1,000 in punitive damages. A Motion to Reconsider and Set Aside the Summary Judgment was denied.

On May 2, 2007, Plaintiffs initiated this adversary proceeding seeking a judgment declaring the debts arising from the State Court Judgment nondischargeable under §523(a)(2) and (a)(6). The Plaintiffs now request this Court to enter summary judgment in their favor declaring the debt nondischargeable based upon the doctrine of collateral estoppel.

## **LEGAL ANALYSIS**

Initially, the Debtor contends that the State Court Judgment is void as the District Court was without jurisdiction to enter a Judgment in excess of $4,000 citing KRS 24A.120 which limits the jurisdictional amount for Kentucky District Courts to $4,000. Debtor neglects to note that each Plaintiff initiated their own action in the District Court. Each of those actions was consolidated without objection by the Debtor. None of the awards to any of the Plaintiffs individually exceed $4,000. Judge Collins noted in her Opinion that the total Judgment exceeded the limits of the District Court but Judge Collins noted that each Plaintiff "may only execute against Tonya Mitchell by this Order as an individual either collectively or individually." The Court could find no Kentucky cases on this issue, but notes that, in general, cases consolidated for trial or for a specific purpose remain independent actions. See, Melone v. Morgan, 676 S.W.2d 805 (Ky. Ct. App. 1984). There is no indication that this action was consolidated generally or for purposes other than trial. Accordingly, the Court finds no defect in the District Court's jurisdiction.

Collateral estoppel may be employed in cases involving the issue of dischargeability where the following factors are present: (1) the precise issue was raised in the prior proceeding; (2) the

prior proceeding involved the same parties or those in privity with them; (3) the precise issue was actually litigated in the prior proceeding; and (4) the determination of the issue was necessary to the outcome of the state court proceeding.  Spilman v. Harley, 656 F.2d 224, 228 (6th Cir. 1981); In re O'Bryan, 190 B.R. 290, 295 (Bankr. E.D. Ky. 1995).  Each factor is present in this case.

The precise issue here is whether the debt is nondischargeable pursuant to §523(a)(2) and (a)(6).  In order to fall within the purview of 523(a)(2), the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth.  The creditor must prove the debtor's intent to deceive and that the creditor reasonably relied on the false representation which was the proximate cause of the loss.  In re McLaren, 990 F.2d 850, 852 (6th Cir. 1993).  The creditor's burden of proof is by the preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279 (1991).

In the State Court proceeding, the Plaintiffs' claims were based on fraud, misrepresentation and concealment.  The elements of common law fraud under Kentucky law are a knowing or reckless false misrepresentation made with the intention that it be acted upon and that upon which the plaintiff relied thereon to his damage.  United Parcel Service Co. v. Rickert, 996 S.W.2d 464, 468 (Ky. 1999).  It must be proven by clear and convincing evidence.  Judge Collins found based on the record before her that each of the Plaintiffs met their burden.  This burden is higher than needed to meet the Plaintiffs' claims under §523(a)(2).

Under §523(a)(2), the reliance element need only be proven by reasonable reliance, rather than justifiable reliance.  Additionally, the State Court burden of proof of clear and convincing evidence on fraud is higher than the preponderance standard required under (a)(2).  The facts found sufficient to establish common law fraud are sufficient to meet the elements of §523(a)(2).

-4-

The Court also determines that in addition to the same issues, it is clear that the prior proceeding involved the same parties and that it was actually litigated. The Judgment entered by Judge Collins was a final Judgment determined on the merits of the case. The State Court Judgment and the record before the Court demonstrate that collateral estoppel applies to the State Court Judgment barring Debtor's efforts to relitigate these issues previously determined.

The same analysis applies to the punitive damage award under 11 U.S.C. §523(a)(6). Judge Collins' Judgment states the Debtor "committed fraud, misrepresentation and concealment as against each Plaintiff herein and did so with actual malice as well as with reckless disregard to the interest of each Plaintiff . . .." In order to award punitive damages, the State Court determined that the Plaintiffs met their burden by clear and convincing evidence.

In In re O'Bryan, the Court stated that in determining whether punitive damages are excepted from discharge, the court must consider the verdict under which the Court awarded punitive damages. Id. at 296. Here, the Court must consider the conduct which caused the State Court to award punitive damages as part of its Judgment. The Court clearly found that clear and convincing evidence was presented establishing that Debtor acted with "actual malice as well as with reckless disregard" to the interests of the Plaintiffs.

The State Court Judgment fully determined that the Debtor's debt stemmed from a "willful and malicious injury as provided by 11 U.S.C. §523(a)(6). The Supreme Court held that a debt is nondischargeable under §523(a)(6) if it results from an act with "intent to cause injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The Sixth Circuit interpreted Geiger to mean that unless 'the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under

-5-

§523(a)(6). In re Markowitz, 190 F.3d 455, 464 (6th Cir. 1999). "Malicious" means in conscious disregard of one's duties or without just cause or excuse. In re O'Bryan, 190 B.R. 290, 295 (Bankr. E.D. Ky. 1995). Here, the state court found that not only did the Debtor intentionally injury the Plaintiffs, but she did so with actual malice. Both the compensatory damages and punitive damages arose from the same willful and malicious conduct of the Debtor. Under such circumstances it is appropriate to apply collateral estoppel and hold the debt nondischargeable. In re Abbo, 168 F.3d 930, 932 (6th Cir. 1999); In re Sarff, 242 B.R. 620 (B.A.P. 6th Cir. 2000). See also, In re Winters, 159 B.R. 789 (Bankr. E.D. Ky. 1993) (holding debt for punitive damages is nondischargeable under §523(a)(2) and (a)(b) where all the elements of fraudulent misrepresentation are considered at trial).

Accordingly, the entire State Court Judgment is nondischargeable pursuant to 11 U.S.C. §523(a)(2) and (a)(6) based on the doctrine of collateral estoppel.

## CONCLUSION

For all of the above reasons, the Motion for Summary Judgment of the Plaintiffs against Defendant/Debtor Tonya Mitchell is **GRANTED**.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TONYA MITCHELL | ) | |
|         Debtor(s) | ) | CASE NO. 07-30431(1) |
| | ) | |
| ZACHERY STEVENS, et al. | ) | AP NO.: 07-3156 |
|         Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TONYA MITCHELL | ) | |
|         Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the debts of the Plaintiffs owed by Debtor Tonya Mitchell are nondischargeable pursuant to 11 U.S.C. §523(a)(2) and (a)(6).

This is a final and appealable Judgment and there is no just reason for delay.